UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 30, 2006

**Before**

Hon. Joel M. Flaum, *Chief Judge*

Hon. Michael S. Kanne, *Circuit Judge*

Hon. Ilana Diamond Rovner, *Circuit Judge*

No. 03-2999

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> GREGORY WARD, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 01 CR 927 - 2 <br><br> David H. Coar, <br> *Judge.* |

**O R D E R**

Defendant-appellant Gregory Ward was convicted of conspiracy to rob the bank at which his wife, Aishauna Ward, worked (Count I); using force, violence or intimidation to rob a bank (Count II); and using, carrying or brandishing a firearm during and in relation to the commission of a crime of violence (Count III). The district court sentenced Mr. Ward to concurrent sentences totaling 78 months on Counts I and II, to run consecutively with a mandatory sentence of 84 months on Count III, resulting in a total sentence of 162 months imprisonment.[1]

---

[1] Aishauna Ward, Mr. Ward's wife and co-defendant was sentenced to 184 months imprisonment for her conviction on the same charges. Following a limited

(continued...)

On March 4, 2005, we ordered a limited remand to the district court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it understood that the guidelines were advisory. After considering the briefs of both parties as well as the factors in 18 U.S.C. § 3553(a), the district court indicated that it would have imposed the same sentence under an advisory guidelines regime.

The defendant did not submit a position paper before the district court and has not submitted a response to this Court as invited in our January 12, 2006, Order. The government presented a position paper before the district court and has submitted a response before this Court. The government asks this Court to affirm the district court's decision to impose the same sentence under the current advisory sentencing guideline structure as it did when the guidelines were believed to be mandatory.

Even though *United States v. Booker* made the guidelines advisory, judges must still consider the sentencing range established by the guidelines in addition to other relevant factors. *See* 125 S. Ct. 738, 764 (2005); *see also United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005) ("[W]e have said that obedience to the Supreme Court's mandate in *Booker* requires that the district court first calculate the correct guideline sentence so that that calculation can serve as a meaningful guide in the district court's imposition of a final sentence.").

The sentence imposed was within the guidelines range, and the district court was not obligated to provide this Court with a detailed explanation of its consideration of each of the relevant factors. *See United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005) (judge's duty to consider the statutory factors is not a duty to make explicit findings on each factor); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.").

The sole remaining inquiry is whether defendant's sentence is reasonable. *See Paladino*, 401 F.3d at 484 (if the district court indicates that it would reimpose the original sentence, we will affirm the sentence against a plain-error challenge provided that the sentence is reasonable). Any sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Mr. Ward can rebut this presumption only by demonstrating that his sentence is unreasonable when

---

[1](...continued)
*Paladino* remand, this Court upheld Ms. Ward's original sentence.

measured against the factors set forth in § 3553(a). *Id.* He has not attempted to do so.

Mr. Ward's sentence of 78 months was at the low end of the Guidelines range (78 to 97 months) and the district court imposed the mandatory consecutive sentence of 84 months on the § 924(c) charge. Mr. Ward's sentence was considerably less than his wife's. The record contains no reason to believe that the sentence was unreasonable. Mr. and Ms. Ward used Aishauna Ward's insider knowledge of the bank to plan their robbery. Mr. Ward entered the bank armed with a gun and while he held another teller hostage, Ms. Ward emptied the bank vault. Mr. And Ms. Ward avoided detection for several days, and much of the stolen money was never recovered. The sentence imposed by the district court accounted for the loss amount, hostage-taking, and brandishing of a firearm. The district court took full consideration of the factors in 18 U.S.C. § 3553(a) and imposed a reasonable sentence.

Because the district court would have imposed the same sentence post-*Booker* and because that sentence is reasonable, we conclude that Mr. Ward's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.