**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 27, 2006

Before

Hon.  RICHARD A. POSNER, Circuit Judge

Hon.  FRANK H. EASTERBROOK, Circuit Judge

Hon.  ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff-Appellee,<br><br>No. 04-1854                  v.<br><br>ARTEMIO PENA,<br>        Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Eastern District of<br>] Wisconsin.<br>]<br>] No. 03 CR 206<br>]<br>] Rudolph T. Randa,<br>]      Chief Judge. |

Artemio Pena challenged his 135-month sentence for conspiracy to distribute five or more kilograms of cocaine.  This court ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory.  *See United States v. Booker*, 543 U.S. 220 (2005).

The district court has replied that it would have imposed the original sentence applying advisory guidelines.  The parties were offered the opportunity to respond before we finally resolved the appeal, but only the government has responded.

Pena's sentence is within the properly calculated guideline range and therefore presumptively reasonable.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  We note that, although the district court invited written submissions from the parties and indicated that it had read these submissions, the court did not provide any analysis.  The provision of reasons, however, is not a strict requirement when the sentence imposed is within the sentencing range recommended by the guidelines.  *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005).  The better practice, of course, is for the district court to provide some form of analysis, which provides us with a clearer basis for review.  But, particularly in light of the fact that Pena has offered nothing to rebut the presumption of reasonableness that attaches to his accurately calculated sentence, to require a remand for the district court to provide explicit reasons here would be a fruitless exercise.  We conclude that Pena's sentence was not the result of plain error, and therefore AFFIRM the judgment of the district court.