**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

August 30, 2005

Before

HON. JOEL M. FLAUM, *Chief Judge*

HON. RICHARD A. POSNER, *Circuit Judge*

HON. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-2234

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

JUSTIN KAMMERUD,
  *Defendant-Appellant.*

Appeal from the United States District Court for the Western District of Wisconsin.

No. 02-CR-132-S

John C. Shabaz,
*Judge.*

**O R D E R**

After concluding that the district court did not err when it denied Justin Kammerud safety valve relief, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, we ordered a limited remand so that the district court judge could determine whether he believed Justin Kammerud's sentence remained appropriate after *United States v. Booker*, 125 S. Ct. 738 (2005), relegated the United States Sentencing Guidelines to advisory status.  *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that he would impose the same sentence knowing that the Guidelines are not mandatory.  Therefore, "we will affirm the original sentence against [Kammerud's] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*, 125 S. Ct. at 765." *Paladino*, 401 F.3d at 484.

The applicable United States Sentencing Guidelines sentencing range here was 108 to 135 months' imprisonment. The district court sentenced Justin to 125 months. Because Kammerud received a sentence within the properly-calculated guidelines range, the sentence is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

After our limited remand, Kammerud argued again to the district court that he should receive safety valve relief. We have already concluded that the district court did not err in denying him the benefit of the safety valve. None of the other arguments the defendant presented to the district court convince us that his sentence was unreasonable.

The district court also satisfied its obligation under *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005). The district court judge explained that he chose the 125 month sentence in part because of the numerous drug transactions and significant quantity of methamphetamine precursor chemicals involved. He also explained that he considered Kammerud's age and lack of parental guidance, but that he balanced these factors against the defendant's choice to join a drug conspiracy and awareness of his criminal conduct. After weighing all the circumstances in the case, he chose a sentence near the end of the range.

We cannot say that Kammerud's sentence should be deemed "unreasonable." Therefore, the judgment of the district court is AFFIRMED.