In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2432

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHARDINI LOPEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 CR 568—**David H. Coar**, *Judge.*

ARGUED NOVEMBER 10, 2005—DECIDED DECEMBER 6, 2005

Before FLAUM, *Chief Judge*, and RIPPLE and SYKES, *Circuit Judges*.

FLAUM, *Chief Judge.* On January 25, 2005, Richardini Lopez pled guilty to bank robbery and to carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c)(1)(A). Pursuant to the plea agreement, the government dropped charges of carjacking and one count of brandishing a firearm during and in relation to a crime of violence, although Lopez stipulated to having committed those offenses. On April 20, 2005, the district court sentenced Lopez to 168 months imprisonment for bank robbery and a consecutive sentence of 84 months imprisonment for carrying and brandishing a weapon during a bank robbery,

a total sentence of 21 years. Lopez now appeals that sentence. For the reasons stated herein, we affirm.

## I.  Background

On June 10, 2004, Lopez approached Victim A. He falsely identified himself as a police officer. When Victim A stated he did not believe Lopez, Lopez displayed a black .25 caliber Berreta that he had received from his 16-year-old nephew (who was also present and waiting in Lopez's car during the carjacking) and stated, "Give me the keys." Victim A began to yell, "carjacking, carjacking." In response, Lopez punched him in the mouth and nose, resulting in Victim A falling backwards and injuring his head on the curb. While Victim A lay bleeding, Lopez grabbed his keys and took his car.

Lopez drove to the TCF Bank. While his nephew remained by the entrance as a lookout, Lopez approached the tellers. He stated, "[P]ut the money in the bag. Hurry up, put the money in the bag. Give me all of it." While making these statements, Lopez was pointing a .25 caliber Beretta handgun at the first teller's chest. Lopez repeated this process with a second teller. The robbery netted approximately $5,856.48 from the bank. Later that day, the FBI arrested Lopez, at which time he confessed to the carjacking and bank robbery. He also confessed to carrying and brandishing a gun during both offenses.

The government indicted Lopez on four separate counts. Pursuant to a plea agreement, Lopez pled guilty to Count Three (bank robbery) and Count Four (brandishing a firearm during and in relation to a crime of violence). In addition, Lopez stipulated to having committed Count One (carjacking) and Count Two (brandishing a firearm during and in relation to a crime of violence). This plea agreement allowed Lopez to avoid 18 U.S.C. § 924(c)(1)(C), which would have required a minimum term of 25 years for having committed two crimes involving the use of a firearm.

The plea agreement, which the defendant signed, contained a preliminary sentencing calculation. The agreed upon calculation contained a total offense level of 26 and a criminal history category of VI, yielding a sentencing range of 120-150 months imprisonment on Count Three. In addition, the plea agreement stated, "At the time of sentencing, both parties will recommend a sentence within the applicable advisory Guideline range as to Count Three and a sentence of seven years as to Count Four to be imposed consecutive to the sentence on Count Three."

The plea agreement contained language explicitly noting that the Probation Department and the Court would make their own guideline calculations and that "the validity of [the] Plea Agreement is not contingent upon the Probation Department's or the Court's concurrence with the [calculations in the agreement]."

The presentence report found several errors in the plea agreement's guideline calculation. As a result, both the presentence report and the district court found the appropriate offense level to be 30, not 26. This yielded a sentence of 168-210 months on Count Three.

At the April 20, 2005, sentencing hearing, the district court allowed each party an opportunity to object to the sentencing report. Neither party did. The district court reviewed the calculation differences between the sentencing report and plea agreement. Lopez told the court he understood the differences. Lopez and his lawyer both accepted the validity of the sentencing report.

The district court accepted the presentence report and sentenced the defendant to the lowest sentence within the sentencing guidelines, 168 months for Count Three plus a mandatory consecutive term of 84 months for Count Four; this yielded a total sentence of 252 months or 21 years. During sentencing, the district court commented that Lopez did not "belong on the scrap heap" due to his cooperation,

the related nature of the offenses, his drug problem, and his supportive family, but that the nature of his crimes "just cr[ies] out for a severe punishment."

## II. Discussion

In reviewing a district court sentence, this Court must evaluate whether the sentence imposed by the district court was reasonable. *United States v. Booker*, 125 S.Ct. 738, 767 (2005). "[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Appellate courts are guided by the factors in 18 U.S.C. § 3553(a) when deciding whether a particular sentence is reasonable. *Id.* (citing *Booker*, 125 S.Ct. at 766).

Provided a district court considers the factors in section 3553(a) and calculates the guideline range accurately, it is unnecessary to discuss every section 3553(a) factor individually. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *see also United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("[I]t is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.").

In this case, the district court imposed a sentence within the properly calculated guideline range. The sentencing guideline range in the presentence report was correct, and the sentencing guideline calculation in the plea agreement was incorrect.

Although Lopez argues that his sentence fails to account for the lower sentence originally calculated in the plea agreement, the agreement's guideline calculation was always preliminary. The plea agreement specifically stated that it would be unaffected by "corrections [to the guideline calculation], and the defendant shall not have a right to

withdraw his plea on the basis of such corrections." A correction to a preliminary guideline calculation is not a valid factor for consideration under 18 U.S.C. § 3553(a).

The district court adequately discussed the factors included in section 3553(a). The district court discussed the nature of the offense, the characteristics of the defendant, the need to impose a sentence that recognizes the seriousness of the offense, and the need for the defendant to receive drug treatment. The district court also discussed the range of sentences available. While this discussion did not specifically reference every factor named in section 3553(a), such a checklist is unnecessary. *Dean*, 414 F.3dat 729.

Lopez argues that his sentence is excessive because a sentence within the guideline range found in the original plea agreement would have been sufficient to achieve the goals of 18 U.S.C. § 3553(a)(2). It is not relevant to this Court's review whether the sentence found in the plea agreement calculation would also have been reasonable.

The role of this Court is not to choose between possible sentences, but rather to review the reasonableness of the sentence imposed by the district court. The sentence imposed in this case was within the advisory range of the sentencing guidelines, based upon the factors in section 3553(a), and reflects significant consideration of the competing goals of sentencing. After a thorough discussion of the sentencing factors, the district court found that the guidelines captured the appropriate penalty in this case. By sentencing Lopez to the lowest sentence within the guideline range, the district court properly balanced its desire to avoid unreasonably prolonged incarceration, while recognizing the seriousness of the offenses committed. The sentence imposed by the district court was reasonable.

## III.  Conclusion

For the reasons stated above, we AFFIRM the sentence of the district court.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
