**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 15, 2006
Decided March 10, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4333

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-CR-120-S-01 |
| MICHAEL A. ANDRLIK, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

# O R D E R

Michael Andrlik pleaded guilty to distributing cocaine, 21 U.S.C. § 841(a)(1). Applying the Guidelines as advisory, the district court sentenced him to 57 months' imprisonment, the top of the applicable range of 46 to 57 months. On appeal, Andrlik contends that our decision in *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), contradicts our decision in *United States v. Dean,* 414 F.3d 731 (7th Cir. 2005), creating an intra-circuit conflict. He further argues that our decision in *Mykytiuk* is inconsistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Finally, Andrlik challenges his sentence as unreasonable because, he contends, it is greater than necessary to satisfy the factors in 18 U.S.C. § 3553(a). We affirm.

**I.**

In 2004, a grand jury indicted Andrlik on seven counts of distributing cocaine. Andrlik pleaded guilty to count seven of the indictment pursuant to a written plea agreement. The PSR prepared prior to sentencing concluded that Andrlik's total offense level was 23. Andrlik had a criminal history category of one; the resulting Guidelines imprisonment range was 46 to 57 months. On appeal, Andrlik concedes that the range was properly calculated.

Sentencing took place after our decision in *Booker* but before the Supreme Court affirmed that decision. At the sentencing hearing, the district court accepted the Guidelines calculation in the PSR, but held that the Guidelines could not be applied constitutionally in Andrlik's case because he had not admitted, nor had a jury found beyond a reasonable doubt, the facts underlying certain upward adjustments. The court then applied the criteria listed in 18 U.S.C. § 3553(a) and sentenced Andrlik to 57 months' imprisonment, three years' supervised release and a $100 special assessment. Alternatively, the court imposed the same sentence under a mandatory guideline regime.

**II.**

We review a sentence imposed by the district court for reasonableness based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006); *United States v. Laufle*, 433 F.3d 981, 984-85 (7th Cir. 2006). Review is extremely deferential. *United States v. Lopez*, 430 F.3d 854, 856-57 (7th Cir. 2005). We will not vacate a sentence just because we might have imposed a different sentence, *Laufle*, 433 F.3d at 988; *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005), and a sentence within a properly calculated Guidelines range is presumed to be reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Andrlik first argues that his sentence is not entitled to a presumption of reasonableness, even though it falls within the properly calculated Guidelines range, because, according to him, our decision in *Dean* rejected that proposition and thus created an intra-circuit conflict with *Mykytiuk*. But Andrlik misreads *Dean*. Although *Dean* stresses the discretionary nature of imposing a Guidelines sentence, it recognizes the reason such a sentence will almost always be reasonable: "the guidelines are promulgated and continually revised by an agency staffed by experts." *Dean*, 414 F.3d at 730 (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)). Instead of conflicting with *Mykytiuk*, *Dean* explains it.

Andrlik next argues that the presumption of reasonableness called for in *Mykytiuk* and *Dean* essentially makes the Guidelines mandatory, contrary to the

Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Andrlik again misreads our decision. *Mykytiuk* and subsequent cases recognize the advisory nature of the Guidelines. 415 F.3d at 608 ("[W]hile a per se or conclusively presumed reasonableness test would undo the Supreme Court's merits analysis in *Booker*, a clean slate that ignores the proper Guidelines range would be inconsistent with the remedial opinion."). *See also Laufle*, 433 F.3d at 984-85; *United States v. Cunningham*, 429 F.3d 673, 675-76 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). *Mykytiuk* does not mandate that all sentences within a properly calculated Guidelines range are reasonable *per se*. 415 F.3d at 608. A defendant may rebut the presumption by demonstrating that a sentence within the Guidelines range is unreasonable in light of the factors identified in § 3553(a). *United States v. Brock*, 433 F.3d 931, 938 (7th Cir. 2006); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045 (7th Cir. 2005); *Williams*, 425 F.3d at 480; *Mykytiuk*, 415 F.3d at 608.

Andrlik next argues that, even if his sentence is presumptively reasonable under *Mykytiuk*, he can rebut the presumption because the sentence is longer than necessary to fulfill the requirements of 18 U.S.C. § 3553(a). He focuses specifically on his age and its negative correlation to the likelihood of his recidivism. He also contends that the sentence is unreasonable because it is 28.5 times longer than any sentence he has previously received.

Andrlik's argument assumes *de novo* review. He apparently believes that we may balance the § 3553(a) factors ourselves and disagree with the district court's determination of that balance. As explained above, he is wrong. The issue is not whether another sentence would also be reasonable, rather the issue is whether the sentence imposed by the district court is reasonable. *Lopez*, 430 F.3d at 857. Andrlik's counsel argued to the district court that a 36-month sentence would fulfill the goals of § 3553(a), but the court rejected that argument. We cannot, as Andrlik asks, instruct the district court to lower his sentence because another sentence may also be reasonable. *See United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005).

Neither of the cases brought to our attention by Andrlik after argument alters our analysis. Accordingly, we AFFIRM Andrlik's sentence.