**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 27, 2006
Decided April 5, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 05-3281 & 05-3401

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:04CR30053 |
| NATHAN MOORE and NATASHA MOORE, *Defendants-Appellants*. | David R. Herndon, *Judge*. |

## O R D E R

These two cases raise the same issues and so we have consolidated them for decision. The Moores obtained lines of credit with thirteen vendors of DVD's and books by posing as representatives for a fictitious company and providing fake credit references. They then used the lines of credit to obtain over $160,000 worth of merchandise that they never paid for, but sold for cash. The Moores intended to defraud the vendors of another $130,000. Nathan and Natasha both pleaded guilty to conspiring to commit mail fraud, 18 U.S.C. §§ 1341 & 1349, and were sentenced under advisory guidelines: Nathan to 41 months' imprisonment and Natasha to 33 months' imprisonment. They were also ordered to pay, jointly and severally, restitution totaling $132,425. On appeal each of the Moores argues that the district court did not follow the proper procedure for imposing sentence after *United States*

*v. Booker*, 543 U.S. 220 (2005), and that their prison sentences are unreasonable. We affirm.

## I. BACKGROUND

In sentencing each defendant the district court began by acknowledging *Booker's* holding that the sentencing guidelines are advisory, and then went on to calculate the applicable guidelines range. Based on the stipulated intended loss, the court added 12 levels to the base offense level of six. *See* U.S.S.G. § 2B1.1(a), (b)(1)(G). The court then applied a two-level increase because there were more than 10 victims, *see id.* § 2B1.1(b)(2)(A), another two-level increase because the fraud involved posing as an educational institution, *see id.* § 2B1.1(b)(7)(A), and a two-level decrease for acceptance of responsibility, *see id.* § 3E1.1(a), resulting in a total offense level of 20 for each defendant. Given Nathan's criminal history category of III and Natasha's criminal history category of I, the guidelines yielded him a 41- to 51-month imprisonment range and her a 33- to 41-month imprisonment range.

In each case the court acknowledged its discretion to impose a non-guidelines sentence and heard the parties' arguments on their appropriate sentences in light of the sentencing factors set out in 18 U.S.C. § 3553(a). Nathan and Natasha each argued that the court should sentence them to probation to allow them to care for their minor son and to begin paying restitution immediately to their victims. In each case the court noted its sentencing latitude before concluding that the seriousness of the crime, their recidivism, and the need for deterrence made a low-end guidelines sentence appropriate for each. Nevertheless, to address their concern for their son, the court initially stayed execution of Natasha's prison sentence until the end of Nathan's prison sentence, and to address their stated concern for their victims the court ordered Natasha to begin paying restitution immediately. However, the court later lifted the stay on Natasha's motion; she had concluded that "a delay in her incarceration would impact their child more dramatically as he becomes more mature then it would presently."

## II. ANALYSIS

On appeal, Nathan and Natasha both assert that the district court did not follow the proper procedure for imposing sentence post-*Booker*. Nathan contends that the court "failed to adequately consider" his "personal history" and obligation to pay restitution. Natasha contends that the court ignored her "family situation," lack of "significant criminal history," and obligation to pay restitution, and considered only the need to teach her a lesson.

In sentencing a defendant after *Booker*, courts in this circuit must first calculate the applicable advisory guidelines range, *United States v. Alburay*, 415

F.3d 782, 786 (7th Cir. 2005), then consider the factors in 18 U.S.C. § 3553(a), *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005), and, finally, "articulate the factors that determined" the chosen sentence, *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Whether the district court properly followed this procedure is a question of law we review *de novo*. *United States v. Wesley*, 422 F.3d 509, 512 (7th Cir. 2005).

The district court followed the post-*Booker* sentencing procedure. First, the court properly calculated each defendant's applicable guidelines range. No one disputes this. Next, the court heard each side's position on the bearing of the § 3553(a) factors. Finally, the court determined that a guidelines sentence was reasonable based on the seriousness of the crime, the need to deter the Moores and others, and the fact that both were repeat offenders. The court did not ignore their § 3553(a) arguments but, rather, specifically responded to them by staggering their terms of imprisonment so that their son would not be left unattended and ordering Natasha to immediately pay restitution to her victims until her term commenced. Nothing more was required of the district court. *See United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) (judges need not recite the bearing of each § 3553(a) factor).

The Moores next argue that their sentences are unreasonable. Sentences like theirs within a properly calculated guidelines range are presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Each contends that the presumption in *Mykytiuk* was wrongly established. They suggest that "[t]he Sentencing Guidelines and policy statements of the Sentencing Commission are just two of the ten enumerated categories of factors [under 18 U.S.C. § 3553(a)] which a court must consider," and therefore the presumption of reasonableness impermissibly assigns greater weight to certain factors. The Moores attempt to find support in *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005) (rejecting rule that sentence within guidelines range is *per se* reasonable), and *United States v. Winters*, 416 F.3d 856, 861 (8th Cir. 2005) (rejecting argument "that the range of reasonableness is essentially co-extensive with the Guidelines range"), though Nathan acknowledges that both cases reject a *per se* rule rather than a rebuttable presumption.

A majority of circuits have followed this court in presuming that properly calculated guidelines sentences are reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable."); *United States v. Tobacco*, 428 F.3d 1148, 1151 (8th Cir. 2005). Only one circuit has expressly declined to apply the presumption.

*See United States v. Cooper*, 437 F.3d 324, 331-32 (3d Cir. 2006) (rejecting the *Mykytiuk* presumption as unnecessary because defendant bears burden of showing unreasonableness).

Last, Nathan and Natasha argue that they can rebut the presumption of reasonableness because, in their view, the sentences are longer than necessary to fulfill the requirements of § 3553(a). Both characterize their prison sentences as unreasonably severe in light of their "family situation" and "personal history," *see* 18 U.S.C. § 3553(a)(1), the improbability of reoffending, see *id* § 3553(a)(2)(c), and their obligation to pay restitution, *see id* § 3553(a)(7). Specifically, Natasha maintains that she lacks "significant criminal history," and both state that nobody else can care for their son. Natasha further suggests that she is unlikely to reoffend because her infant child recently passed away and she has "los[t] connection" with her surviving son due to her incarceration. Nathan ventures that the guidelines "effectively overrepresented his criminal history" by raising his criminal history category two levels for a single DWI offense. Finally, each adds, while imprisoned they can't pay the ordered restitution.

These arguments are based on a failure to appreciate the standard of review. Though a defendant can rebut the presumption that her sentence is reasonable by showing that "her sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a)," *Mykytiuk*, 415 F.3d at 608; *see also United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006), review is extremely deferential, and we will not vacate a sentence just because another sentence would also be reasonable, *United States v. Lopez*, 430 F.3d 854, 856-57 (7th Cir. 2005). Neither Nathan nor Natasha has pointed to anything so compelling about their circumstances that would *require* the district judge to impose a sentence below the guidelines range.

### III. CONCLUSION

For the foregoing reasons, the sentences imposed by the district court are AFFIRMED.