UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2006
Decided December 1, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1393

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 04-CR-30106 |
| WARREN J. ILGES, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

After a jury found Warren Ilges guilty of defrauding the Social Security Administration for concealing additional income while receiving benefits, the district court sentenced him to 33 months' imprisonment, the lowest end of the sentencing guidelines range. Ilges does not challenge the district court's calculation of the applicable guideline range, but he argues that the sentence imposed was unreasonably high. First, he argues that this court should overturn its presumptive-reasonableness standard for sentences imposed within guideline ranges and instead treat a guidelines calculation simply as one of the many sentencing factors set forth in 18 U.S.C. § 3553(a). Secondly, he argues that even if this court does not overturn its standard of presumptive reasonableness, the judge's decision not to mitigate his sentence was unreasonable. We affirm the sentence imposed by the district court.

Ilges, currently age 51, applied for social security disability benefits after a work-related back injury ended his career as a carpenter. He began receiving benefits in 1988. While receiving benefits, he worked part-time first with the Clinton County sheriff's office from 1996 to the time of trial and also briefly as a prisoner transporter for the U.S. Marshall's Service in 2003. From 1996 onward, Ilges continued to report to the SSA that he could not work and was not working. According to the Social Security Administration, this resulted in an overpayment of $81,553.

A jury found Ilges guilty of mail fraud in violation of 18 U.S.C. § 1341, concealing information from the SSA (two counts) in violation of 42 U.S.C. § 408(a)(4), and making false statements in violation of 18 U.S.C. § 1001(a)(2).

Ilges suffers from poor health; he lives in significant and often constant pain from his back injury. In the last few years, he suffered a stroke and a heart attack requiring cardiac cathederization and stenting. Additionally, he suffers from lung disease, digestive problems, diabetes mellitus, and high cholesterol. Based on these difficulties, Ilges's family doctor testified that Ilges requires ongoing care and is unlikely to live beyond 65. The doctor concluded that confinement would increase Ilges's stress level, cause depression, and lead to a higher risk of death.

On cross-examination, however, the doctor admitted a lack of familiarity with prison conditions in his determination of their effect on Ilges's health. Additionally, he admitted that Ilges's stroke was an isolated incident with no permanent damage, and that it may have been caused by Ilges's failure to take his medication. Since his heart attack, Ilges's condition has been stable, and his diabetes is under control. The doctor acknowledged that Ilges has the ability to improve his health through diet and exercise.

Ilges's only criminal history is a minor hunting infraction for baiting turkeys. He volunteers teaching hunter safety and also aided an effort to establish a hunting venue for disabled hunters. He provides emotional support and assistance to family members, including his daughter and grandson, who suffers from cerebral palsy. Members of the law enforcement community in which he worked testified and wrote letters to the court on his behalf. Ilges reported the income from his jobs to the IRS, and he did not conceal his disability status from those with whom he worked. During the years in question, his wife left him, and he raised their three children by himself.

The district court examined these factors but found they did not warrant a sentence below the applicable guideline range. The court sentenced Ilges to 33

months in prison, the bottom of the guidelines range, and ordered restitution to SSA totaling $81,553.

Ilges challenges this circuit's precedent that a sentence imposed within the federal sentencing guidelines is entitled to a presumption of reasonableness. *See United States v. Mykytiuk*, 414 F.3d 606, 608 (7th Cir. 2005); *United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006) (acknowledging the division among the circuits on this point, but stating that this circuit's position has been "firm ever since *Mykytiuk* was decided"); *United States v. Brock*, 433 F.3d 931, 938 (7th Cir. 2006); *United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006). Ilges argues that the presumption gives the guidelines "more weight" than the other sentencing factors of 18 U.S.C. § 3553(a), thus making the guidelines more than just advisory. *See United States v. Booker*, 543 U.S. 220 (2005).

The Supreme Court has recently granted a writ of certiorari to consider the same question posed by Ilges. *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754). The resolution of that question, however, does not affect our conclusion in this case, because the district court's sentence was reasonable even if not afforded any presumption.

There are two parts to this reasonableness inquiry: was the district court's choice adequately reasoned in light of the § 3553(a) factors, and can the sentence ultimately be deemed a reasonable one. *Wallace*, 458 F.3d at 609. This court's role is not to choose between possible sentences but to review the reasonableness of the sentence imposed. *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005). To do so, we ask whether the district court considered the § 3553(a) factors and articulated reasons for entering the particular sentence. *Brock*, 433 F.3d at 935-36, 938; *Jordan*, 435 F.3d at 696; *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045-46 (7th Cir. 2005); *United States v. Cunningham*, 429 F.3d 673, 675, 679 (7th Cir. 2005). A district court need not explain all the § 3553(a) factors; it is enough to calculate the guidelines range and explain any deviation or the lack thereof. *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005); *Brock*, 433 F.3d at 935-36, 938; *Jordan*, 435 F.3d at 696.

Ilges argues that his sentence is unreasonable because it runs afoul of the § 3553(a) directive to impose a sentence that is "sufficient, but not greater than necessary." He argues that he should receive a lower sentence because of his lack of criminal history, his respect for the law, his volunteer work and community service, his important family role as a father and grandfather, his short life expectancy, and his health complications that could further shorten his life if he is imprisoned. He argues that imprisonment is not necessary to deter a man of his age. Additionally, he emphasizes that departure is proper because he reported his part-time income to

the Internal Revenue Service, did not conceal his receipt of disability from those he worked with, and used the money he received from the SSA to support his family.

The district court properly articulated its consideration of these arguments in light of the § 3553(a) factors. The judge recognized that Ilges was generally an upstanding citizen and noted the evidence in support of his character, but he also weighed these considerations against Ilges's guilt of defrauding the government. The judge explained that Ilges lacked respect for the law in this area. The judge recognized that Ilges's crimes were serious offenses and added that Ilges's responsibility was heightened because of his involvement in law enforcement. The judge maintained that a message needed to be sent to Ilges and to others that it was not okay to "fudge" in this area; there is only so much money available that must be reserved for those who truly need it. The judge expressed concern about recidivism by Ilges. As to Ilges's medical condition, the judge determined that it was not a factor for sentencing because Ilges would be able to obtain as much necessary care within the prison system as he could when at home. The judge also dismissed as irrelevant Ilges's argument that he has an important role as a father and grandfather, as those family relationships were the same as for many other defendants.

Moreover, Ilges's arguments regarding age, physical condition, family ties and responsibilities, and charitable or public service are generally irrelevant under the guidelines. *U.S. Sentencing Guidelines Manual* §§ 5H1.1, 5H1.4, 5H1.6, 5H1.11 (2005). Ilges has not shown why these factors affect him to a degree different than others. *See United States v. Bocarino*, 437 F.3d 634, 638 (7th Cir. 2006); *Wallace*, 458 F.3d at 611-12; *United States v. Miller*, 450 F.3d 270, 276 (7th Cir. 2006).

The district court's sentence was both adequately reasoned in light of § 3553(a) and ultimately reasonable. The decision of the district court is AFFIRMED.