NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued February 22, 2007
Decided March 9, 2007

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2884

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 1079 |
| HUGO MELERO, *Defendant-Appellant.* | Charles R. Norgle, Sr., *Judge.* |

**O R D E R**

In April 2005, the government filed a 33-count indictment against Hugo Melero and 11 other individuals based on their respective roles in a drug conspiracy in the Pullman neighborhood on Chicago's South Side.  Mr. Melero entered a blind plea of guilty to all nine counts of the indictment in which he was named.  Applying

the guidelines as advisory, the district court sentenced him to 222 months' imprisonment, the low end of the applicable range of 210 to 262 months. On appeal, he contends that his sentence is not entitled to a presumption of reasonableness, that the district court failed to take into account the mitigating factors he presented at sentencing, and that his sentence is unreasonable because it is greater than necessary to satisfy the factors in 18 U.S.C. § 3553(a). Because Mr. Melero's sentence is reasonable in light of his criminal history and the seriousness of his offense, we affirm the district court's sentence.

# I

## BACKGROUND

Mr. Melero, an "enforcer" in the Latin Kings street gang in Chicago, was part of a conspiracy that sold cocaine to a DEA confidential source and a DEA undercover officer on three separate occasions. In April 2005, he was indicted on one count of conspiring to distribute and possess with the intent to distribute marijuana and five or more kilograms of cocaine, 21 U.S.C. § 846, three counts of distributing cocaine, *id.* § 841(a)(1), one count of distributing more than 500 grams of cocaine, *id.*, and four counts of using a telephone to facilitate a drug offense, *id.* § 843(b). He entered a blind plea of guilty to all nine counts and admitted that his offenses involved more than 5 kilograms but less than 15 kilograms of cocaine.

At sentencing the district court determined that Mr. Melero's base offense level was 32 because of his admission as to the amount of drugs involved in his offenses. *See* U.S.S.G. § 2D1.1(a)(3), (c)(4). He received a two-level upward adjustment for possession of a firearm, *id.* § 2D1.1(b)(1), and a second two-level upward adjustment for lying in his plea declaration about the role of his co-defendants in the conspiracy, *id.* § 3C1.1, for a total offense level of 36. He had a criminal history category of two and his corresponding advisory guidelines range was 210 to 262 months.

Mr. Melero did not object to the guidelines calculation but argued instead that a sentence at the bottom of the advisory range was sufficient to comply with the § 3553(a) sentencing factors. In particular, he pointed to childhood hearing loss, learning disabilities, his obesity and other poor health issues, depression suffered because of his father's terminal illness, problems with marijuana and alcohol, his interest in furthering his education and his timely guilty plea as factors that mitigated the need for a severe sentence. The district court rejected his arguments and sentenced him at the low end of the guidelines range, 222 months' imprisonment, five years' supervised release and a $900 special assessment.

## II

## ANALYSIS

Mr. Melero first argues that his sentence is not reasonable *per se* because it falls within a properly calculated guidelines range.[1] His argument misunderstands the role of the guidelines in determining whether a sentence is reasonable. After the Supreme Court's decision in *United States v. Booker*, appellate courts review sentences for unreasonableness based on the sentencing criteria found in 18 U.S.C. § 3553(a). 543 U.S. 220, 261-62 (2005); *United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005). The guidelines themselves do not bestow reasonableness upon a sentence. *See United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2005). Sentences within a properly calculated guidelines range are presumed reasonable by a reviewing court because the guidelines calculations take into consideration the sentencing factors of § 3553(a). *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). As we have noted, "It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* but *forbidden* afterward, when discretion has gone up rather than down." *Id.*

Mr. Melero next argues that the district court failed to follow the proper procedure in determining his sentence because the court did not adequately consider the mitigating factors that he presented at sentencing. After *Booker*, the sentencing court must first correctly calculate the advisory guidelines range. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). Next the defendant must be given the opportunity to bring to the court's attention any factors under § 3553(a) that might warrant a sentence below the guidelines range. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). The court must consider those factors in selecting an appropriate sentence, although it need not expressly address all of them. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). When the court selects a sentence within the guidelines range, it is enough that "the record confirms that the judge has given meaningful consideration to the section § 3553(a) factors." *Id.*

The district court completed each of these required steps in this case. First, Mr. Melero does not dispute that the court correctly calculated the applicable

---

[1] The Supreme Court recently granted certiorari to consider whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005), to accord a presumption of reasonableness to a sentence within the guidelines range. *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), cert. granted, 127 S. Ct. 551 (2006) (No. 06-5754). As we discuss below, we do not need to rely on the presumption to determine that Mr. Melero's sentence is reasonable.

guidelines range. Next, he was allowed to argue the § 3553(a) sentencing factors in his objections to the Presentence Investigation Report and at the sentencing hearing. The district court explicitly stated that the guidelines were advisory, and then thoroughly explained the factors considered in the sentencing determination, including Mr. Melero's criminal behavior over the prior 10 years, *see* 18 U.S.C. § 3553(a)(1), the failure of his prior arrests to deter his criminal conduct, *see id.* § 3553(a)(2)(C), the seriousness of his current offenses, *see id.* § 3553(a)(2)(A), and Congress's intent to deter persons from violating the law by providing steep maximum sentences for these offenses, *see id.* § 3553(a)(B). The district court also recognized that he should not ignore Mr. Melero's guilty plea in fashioning an appropriate sentence. Thus, the record provides sufficient support to conclude that the district court meaningfully considered the § 3553(a) factors after Mr. Melero was given an opportunity to make his argument for a sentence at the bottom of the guidelines range.

Nevertheless, Mr. Melero argues that his sentence is unreasonable because a sentence of 210 months would have fulfilled the requirements of § 3553(a). He asks us to balance the § 3553(a) factors and disagree with the district court's determination of that balance. But we have said repeatedly that we will not reweigh the § 3553(a) factors. *See, e.g., United States v. Baker*, 445 F.3d 987, 991 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005). The issue before us is not whether another sentence would also be reasonable, rather, the issue is whether the sentence imposed by the district court is reasonable. *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005).

Because the district court imposed a reasonable sentence after following the proper sentencing procedures, we affirm the sentence imposed by the district court.