**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2007
Decided May 24, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4003

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-103-S-01 |
| DE'ALLO GORDON, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

De'Allo Gordon was charged with two counts of distributing crack, 21 U.S.C. § 841(a)(1), after federal and local law enforcement authorities arrested him and 17 others as part of a joint operation to bring down the "Cash Money Cousins," a crack-dealing outfit that operated out of Beloit, Wisconsin. After Gordon unsuccessfully moved to suppress incriminating post-arrest statements, he pleaded guilty to one of the distribution counts in exchange for dismissal of the other. The district court concluded that Gordon was responsible for distributing 1.5 kilograms of crack and sentenced him to 230 months' imprisonment, the middle of the corresponding guidelines range. Gordon filed a notice of appeal, but his appointed counsel seeks to withdraw on the basis that he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Gordon has not responded to our invitation to comment on counsel's motion. *See* Cir. R. 51(b). We confine our review

to the potential issues raised in counsel's facially adequate brief.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In his *Anders* submission, counsel identifies two sentencing challenges that Gordon could raise on appeal, but concludes that both would be frivolous.  First, counsel suggests that Gordon could argue that it is unreasonable or irrational for the district court to treat one gram of crack the same as 100 grams of powder cocaine when calculating the guidelines imprisonment range.  We already have held that sentencing courts are not free to reject the 100:1 ratio that Congress has mandated.  *See, e.g.*, *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006).  Thus, counsel correctly concludes that it would be frivolous for Gordon to challenge the 100:1 ratio.

Second, counsel considers whether Gordon could claim that his 230-month prison sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).  Counsel concedes that the district court properly calculated Gordon's guidelines imprisonment range of 210 to 262 months, and because Gordon's sentence falls within that range we would presume that it is reasonable.  *See United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Counsel suggests that Gordon could attempt to rebut this presumption by arguing that, because two of his fellow "Cash Money Cousins" received shorter sentences than he, his sentence contradicts the sentencing factor set forth in 18 U.S.C. § 3553(a)(6) by creating a sentencing disparity "among defendants with similar records who have been found guilty of similar conduct."  This argument would be misplaced, however, because "the kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case."  *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).  And, in any event, we would examine not whether another sentence would also be reasonable in Gordon's case, but instead whether the sentence actually imposed by the district court is reasonable.  *See United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005).

We are mindful that the Supreme Court recently granted a writ of *certiorari* to consider whether it is consistent with *Booker* to afford a presumption of reasonableness to a sentence within the guidelines range.  *See United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754).  The resolution of that question, however, would not affect our conclusion that any challenge to Gordon's sentence would be frivolous.  After giving due consideration to the arguments made by government and defense counsel, *see United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005), the district court considered the relevant § 3553(a) factors and identified those having a significant effect on its choice of sentence, *see United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).  Specifically,

the court noted that Gordon had many mitigating characteristics, for instance, that he is a "reasonably intelligent person" who had joined a trade union and secured a well-paying job shortly before his arrest. *See* 18 U.S.C. § 3553(a)(1). However, after the court examined the nature and circumstances surrounding Gordon's drug conviction, *see id.*, it concluded that a sentence of 230 months was necessary to reflect the "exceptionally large quantities of drugs" Gordon distributed, *see id.* § 3553(a)(2)(A), to serve as an adequate deterrent to both Gordon and other crack dealers, *see id.* § 3553(a)(2)(B), and to protect the public from Gordon, *see id.* § 3553(a)(2)(C). Based on the district court's application of the § 3553(a) factors, we would not be able to say that Gordon's 230-month sentence is unreasonable. *See Dean*, 414 F.3d at 729.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Gordon's appeal.