NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010
Decided November 10, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-3503

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 732-1 |
| MARY GURIN, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

The defendant-appellant, Mary Gurin, managed Ideal Staffing, an employment agency that arranged for the placement of more than 50 illegally present aliens in jobs at O'Hare International Airport. The Chicago Department of Aviation provided her with the authority to certify whether prospective employees applying for airport security badges possessed valid identification and work authorization. The appellant used this authority to arrange for these aliens to obtain access to restricted areas in the airport by certifying (with her signature) the validity of their security-badge applications even though she knew that the applications were supported by false identity documents.

The defendant pled guilty to one count of conspiring to harbor aliens illegally present in the United States for private financial gain and commercial advantage, *see* 8

U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), (a)(1)(B)(I), and entered into a written plea agreement. The district court sentenced her to 36 months' imprisonment, which was one month below the top of the guidelines range. Gurin appeals, and her appointed attorney now seeks to withdraw because, after review of the file, he was unable to identify any nonfrivolous arguments. *See Anders v. California*, 386 U.S. 738 (1967). The appellant failed to respond to her attorney's motion to withdraw, after having been given the opportunity to do so. *See* CIR. R. 51(b). Thus, we limit our review only to those issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Gurin's attorney has informed us that the defendant does not wish to challenge her guilty plea. Thus, counsel properly refrained from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Defense counsel did consider whether Gurin could challenge the reasonableness of her sentence. Initially, he explored whether the district court miscalculated the guidelines range after applying a two-level increase under U.S.S.G. § 3B1.3 for abusing a position of trust to commit the offense. The appellant objected to this increase at sentencing, and argued that although she enabled illegally present aliens to work inside restricted portions of O'Hare by signing their security-badge applications, she did not abuse a position of trust to do so.

Section 3B1.3 applies to defendants who have "abused a position of public or private trust. . . in a manner that significantly facilitated the commission or concealment of the offense." *See United States v. Peterson-Knox*, 471 F.3d 816, 825 (7th Cir. 2006). The range of activities that makes an individual eligible for this increase varies, and we have consistently applied it to defendants who had "wide discretion to act" on behalf of their victims. *United States v. Davuluri*, 239 F.3d 902, 909 (7th Cir. 2001); *see United States v. Andrews*, 484 F.3d 476, 479 (7th Cir. 2007); *see also United States v. Snook*, 366 F.3d 439, 445 (7th Cir. 2004).

Here, the defendant-appellant occupied a position of trust vis-à-vis the Chicago Department of Aviation. By delegating to Gurin the authority to verify the accuracy of information on employment documents, the Department provided her with the broad power to certify which prospective employees were authorized to work in the United States. Gurin exploited her discretionary authority by intentionally misrepresenting to the Department that she had verified the credentials of employees whom she knew lacked permission to work in the United States. *See, e.g.*, *United States v. Miller*, 607 F.3d 144, 150 (5th Cir. 2010) (applying § 3B1.3 to a medical-supply vendor who submitted false claims to Medicare); *see also Snook*, 366 F.3d at 445-46 (imposing the adjustment against the company

manager responsible for overseeing compliance with environmental regulations). Thus, any challenge to the two-level adjustment for abusing a position of trust would be frivolous.

Counsel also considered a potential attack on the substantive reasonableness of Gurin's sentence. However, because the sentence was within the properly calculated guidelines range, we presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Sawyer*, 558 F.3d 705, 714-15 (7th Cir. 2009).

When deciding whether a particular sentence is reasonable, "[a]ppellate courts are guided by the factors in 18 U.S.C. § 3553(a)." *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005). In this case, the district judge properly applied the enumerated factors in § 3553(a). She acknowledged that Gurin did not have a record of any prior criminal conduct, and that a lengthy prison term would separate her from her young children. At the same time, the court noted that by enabling aliens illegally present in the United States to gain access to secure portions of a major international airport, the defendant committed a crime that could have produced devastating consequences. As such, by imposing its sentence, the trial court sought to convey the message that crimes involving the employment of aliens illegally present in the United States would be taken seriously. In light of these considerations, any challenge to the reasonableness of Gurin's sentence would be frivolous.

We agree with the defense counsel's motion to withdraw, and the appeal is DISMISSED.