UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

April 20, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2004

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 02 CR 583 |
| WILLIAM L. BIANUCCI, | Charles R. Norgle, Sr., *Judge.* |
| *Defendant-Appellant.* | |

**ORDER**

William L. Bianucci appealed his sentence of forty-six months' imprisonment for one count of bank fraud in violation of 18 U.S.C. § 1344, and thirteen counts of making false statements to a bank in violation of 18 U.S.C. § 1014. He contended that the district court violated the Supreme Court's dictate in *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). We ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005). The district court has now indicated that it would have ordered the same sentence for Bianucci had it known that the Guidelines were advisory rather than

mandatory. Both Bianucci and the government have now filed responses to the district court's statement. Bianucci argues that the district court erred on remand by failing to consider and apply all of the statutory factors listed in 18 U.S.C. § 3553(a). In particular, Bianucci complains that the district court failed to consider the statutory factor prohibiting unwarranted sentencing disparities, failed to discuss the fact that Bianucci did not personally profit from his offenses, and failed to consider several compelling personal circumstances that he claims justified a sentence below the Guideline range.

Bianucci's sentence was at the bottom of the applicable guidelines range and is therefore presumptively reasonable. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). He has not provided any persuasive reason to rebut that presumption. First, the district court properly set forth the factors it considered relevant under section 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. Second, the court specifically noted that Bianucci's offense caused a $3 million loss to the bank and that he engaged in more than minimal planning in defrauding the bank. The court found the sentence was necessary to promote respect for the law and the integrity of the banking system. The court also found the sentence was adequate as a deterrent to others and was appropriate in every other respect.

Although it is true that the court did not specifically address the issue of unwarranted sentence disparity, 18 U.S.C. §3553(a)(6), there is no need to address a frivolous argument. *See United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005) (we will not increase sentencing courts' work by requiring discussion of frivolous arguments). The sentencing disparity here was not unwarranted but was entirely due to the fact that Bianucci's co-defendant pled guilty and cooperated with the government and Bianucci put the government to its proof at a jury trial. *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) (a sentencing difference is not a forbidden disparity if it is justified by legitimate considerations, such as rewards for cooperation). Nor was the court required specifically to discuss the apparent lack of personal profit and Bianucci's qualities as a father and family man. The court was clearly moved by the enormous loss to the victim, which was the same no matter whose pocket was lined by the proceeds. We do not require the district court to discuss the application of the statutory factors in checklist fashion. *Dean*, 414 F.3d at 729. "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *Dean*, 414 F.3d at 729 (quoting *United States v. George*, 403 F.3d 470, 472-73 (7th Cir.),

*cert. denied*, 126 S. Ct. 636 (2005)). Brevity does not matter so long as the record makes clear that the judge gave the relevant factors "meaningful consideration." *United States v. Brock,* 433 F.3d 931, 934 (7th Cir. 2006). It does. Therefore, the judgment of the district court is AFFIRMED.