**CORRECTED OPINION**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4630**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY RICHARD HUSBAND,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(No. 04-1698)

_____

Submitted: February 17, 2006          Decided: June 1, 2006

_____

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Marcia G. Shein, Decatur, Georgia, for Appellant. Paul J. McNulty, United States Attorney, Michael C. Moore, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In April 2003, Jimmy Richard Husband pled guilty to eight counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251 (a), (d) (1994). The district court sentenced Husband to eighty-seven months of imprisonment on each of the eight counts and ordered that the terms be served consecutively, for a total of 696 months. We affirmed his convictions and sentence. United States v. Husband, No. 03-4630, 119 F. App'x 475 (4th Cir. 2005). Husband filed a petition for a writ of certiorari in the Supreme Court. On October 3, 2005, the Supreme Court granted the petition, vacated this Court's judgment, and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Husband v. United States, 126 S. Ct. 322 (2005).

On remand, Husband argues that his sentence is unconstitutional in light of the Supreme Court's decision in Booker. In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 543 U.S. at 233-34 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000

& Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Id. at 245-46. (Breyer, J., opinion of the Court).

We vacate Husband's sentence and remand for resentencing consistent with the Booker decision. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in § 3553, and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Because the Supreme Court's remand order does not affect our rejection in our prior opinion of Husband's claims that the statute of limitations had expired, that his plea was not knowing and voluntary, that there was no adequate basis for accepting his plea, and that he received ineffective assistance of counsel, we affirm Husband's convictions for the reasons set forth in the prior

- 3 -

opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
