**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-5208**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY RICHARD HUSBAND,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Rebecca Beach Smith,
District Judge.  (4:02-cr-00125)

───────────

Submitted:  April 20, 2007          Decided:  June 1, 2007

───────────

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Marcia G. Shein, LAW OFFICES OF MARCIA G. SHEIN, P.C., Decatur,
Georgia, for Appellant.  Chuck Rosenberg, United States Attorney,
Michael C. Moore, Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Richard Husband appeals the sentence imposed following remand for resentencing. In our initial decision, we affirmed Husband's convictions and 696-month sentence for eight counts of coercing or using a minor to engage in sexually explicit conduct for the purpose of producing a videotape of that conduct, which was then transported in interstate commerce. United States v. Husband, No. 03-4630, 119 F. App'x 475 (4th Cir. 2005). In compliance with the mandate of the Supreme Court that vacated our decision, see Husband v. United States, 126 S. Ct. 322 (2005), we affirmed Husband's convictions, but vacated his sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Husband, No. 03-4630, 2006 WL 4468334 (4th Cir. June 1, 2006) (unpublished). On remand, the district court sentenced Husband to thirty years of imprisonment, followed by three years of supervised release. We now affirm Husband's sentence.

On appeal, Husband contends that the district court imposed an unreasonable sentence and erred in departing upward from the guidelines range. In imposing a sentence after Booker, the district court must first correctly determine, after making appropriate findings of fact, the applicable guidelines range. United States v. Hernandez-Villanueva, 473 F.3d 118, 122 (4th Cir. 2007). "Next, the court must 'determine whether a sentence within

- 2 -

that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" Id. (quoting United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006)). The district court must then articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guidelines range. Id. "The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary." Id. at 122-23.

We review the resulting sentence for reasonableness, considering "the extent to which the sentence . . . comports with the various, and sometimes competing, goals of § 3553(a)." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range . . . ." Hernandez-Villanueva, 473 F.3d at 123. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Based on our review of the record, we find that the district court properly sentenced Husband after considering and

examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. The district court recalculated the sentencing guidelines based on the previous findings of this court and then proceeded to thoroughly examine the § 3553(a) factors and concluded that the factors supported an upward departure from the guidelines range. We find that the resulting sentence was reasonable.

We therefore affirm Husband's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>