**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted September 13, 2005[*]
Decided September 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3723

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br>    *v.* <br><br> GREGORY FLOWERS, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division <br><br> No. 3:04-CR-00042(01)RM <br><br> Robert L. Miller, Jr., <br> *Chief Judge.* |

**O R D E R**

Police executing a search warrant found three guns and a small amount of drugs in Gregory Flowers' apartment near a playground. The drugs—22 grams of marijuana and 3.57 grams of crack—were divided into 28 separate packages. A jury found Flowers guilty on two counts of possessing with intent to distribute the drugs within 1,000 feet of the playground, 21 U.S.C. §§ 841(a)(1), 860, and one count of possessing a firearm during and in relation to a drug trafficking crime, 18 U.S.C.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 924(c)(1)(A).  The district court imposed concurrent 108-month terms on the drug counts and a consecutive 60-month term on the gun count.

In sentencing Flowers, however, the court miscalculated the drug quantity by including the weight of the packaging.  *See* U.S.S.G. § 2D1.1, cmt. n.1 (2003).  As a result the court held Flowers responsible for 5.3 grams of crack instead of 3.57, an increase of 49%, and 28.5 grams of marijuana instead of 22, an increase of 30%.  Nobody noticed the mistake until appeal, but as the government now acknowledges, the miscalculation caused the court to arrive at an incorrect range of 97 to 121 months instead of the correct range of 63 to78 months for the two drug convictions.

Given the magnitude of the mistake, the government concedes that the oversight constituted plain error warranting resentencing, and we accept the concession.  Although after *United States v. Booker*, 125 S. Ct. 738 (2005), the guidelines are advisory, a sentencing court still must calculate and consider the advisory range.  *United States v. Dean*, 414 F.3d 725, 727–30 (7th Cir. 2005); *United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005).  And whether pre- or post-*Booker*, basing a sentence on a miscalculated range is an error that affects substantial rights and may constitute plain error.  *Baretz*, 411 F.3d at 877; *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000); *United States v. Maggi*, 44 F.3d 478, 484 (7th Cir. 1995).  Accordingly, we VACATE the sentence and REMAND for resentencing.