UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided August 15, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-1336

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 04 CR 30094 |
| SALVADOR CASTRO-JUAREZ, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Salvador Castro-Juarez was convicted of being back in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). He was sentenced to 48 months' imprisonment, 27 months above the advisory guidelines range, but in the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), we vacated that sentence on the ground that the district court had not adequately justified it on the

---

[*] This appeal is successive to no. 05-1195 and is being decided by the same panel pursuant to Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

record.  *See United States v. Castro-Juarez*, 425 F.3d 430 (7th Cir. 2005).  On remand, the district court again sentenced Castro-Juarez to 48 months' imprisonment, and he again appeals.

Castro-Juarez first argues that under Federal Rule of Criminal Procedure 32(h) and *Burns v. United States*, 501 U.S. 129 (1991), he was entitled to advance notice that the district court was contemplating a sentence above the advisory range.  Because he did not receive such notice, he contends, we should vacate his sentence a second time.  But after Castro-Juarez filed his brief, we held in *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006), that Rule 32(h) and *Burns* have no application to an above-guidelines range sentence because defendants are deemed to be on notice of the district court's discretion to exceed the advisory guidelines range where justified by the 18 U.S.C. § 3553(a) factors.  Our *Walker* decision controls this case.

Castro-Juarez also contends that the district court failed to resolve a dispute over the § 3553(a) factors before imposing sentence.  The district court indicated that Castro-Juarez's marriage to a United States citizen factored into its sentencing analysis because, the court reasoned, the marriage created an incentive for Castro-Juarez to re-enter the country in the future.  But the court refused to grant a continuance so that defense counsel could collect and present evidence that other defendants with citizen spouses had not received prison sentences above the guidelines range.  Castro-Juarez cites *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), for the proposition that a district court must resolve disputed sentencing factors before imposing sentence.  The district court did so.  "Explicit factfinding *is* required [if] contested facts are material to the judge's sentencing decision."  *Id*. (emphasis in original). Here, the fact that Castro-Juarez has family in the United States was material to the district court's analysis.  It explicitly found that Castro-Juarez has such family ties, and clearly explained the impact of that fact on its analysis.  The district court did not leave any question unresolved, and was not required to grant a continuance so that Castro-Juarez could prepare further arguments.

AFFIRMED.