**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-5194**

───────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MICHAEL WALLACE RICE,

                                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-05-11)

───────────────

Submitted:  November 30, 2006        Decided:  December 29, 2006

───────────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Joseph Ryland Winston, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael W. Rice appeals his conviction after a jury trial of one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000) (Count One) and one count of possession of heroin, in violation of 21 U.S.C. § 844 (2000) (Count Four), and the 360-month sentence imposed by the district court. We affirm.

In determining the sentencing range for Rice under the Sentencing Guidelines,[*] the probation officer recommended that Rice be held accountable for at least 500 grams but less than two kilograms of cocaine and 0.46 grams of heroin, which resulted in a base offense level of twenty-six pursuant to USSG § 2D1.1(c)(7). The probation officer recommended a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1, because Rice presented false testimony at trial, yielding a total offense level of twenty-eight. Based on Rice's prior crimes, however, he was classified as a career offender pursuant to USSG § 4B1.1, and his offense level was thirty-seven. Rice's prior criminal activity yielded a total of nine criminal history points, placing him in Category IV. His status as a career offender, however, mandated criminal history Category VI. The resulting sentencing range based on a total offense level of thirty-seven and criminal history category VI was 360 months to life imprisonment. The district

---

[*]U.S. Sentencing Guidelines Manual (2005) (USSG).

court sentenced Rice to 360 months of imprisonment and Rice timely appealed.

On appeal, counsel first asserts that the district court erred in allowing the admission of testimony that a witness had purchased drugs from Rice daily, cross-examination by the Assistant United States Attorney (AUSA) concerning Rice's drug conviction sixteen years earlier, and questions from the AUSA about Rice's possession of heroin when he was arrested in connection with the instant case. Review of a district court's determination of the admissibility of evidence under Federal Rule of Evidence 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. See United States v. White, 405 F.3d 208, 212-13 (4th Cir. 2005); United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (upholding admission of evidence of prior drug sales).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition.

<u>Queen</u>, 132 F.3d at 994-95; <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, and (3) reliable, and if the probative value of the evidence is not substantially outweighed by its prejudicial effect. <u>Queen</u>, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. <u>Id.</u> We have reviewed the trial transcripts and conclude that the district court did not abuse its discretion in its rulings regarding the evidence in question.

Counsel next asserts that the district court erred in enhancing Rice's offense level for obstruction of justice because the facts supporting this enhancement were not found by the jury, and the evidence supporting the enhancement was insufficient. We review a district court's determination that a defendant obstructed justice for clear error. <u>United States v. Hughes</u>, 401 F.3d 540, 560 (4th Cir. 2005). In this case, however, such review is unnecessary, as the enhancement had no effect on Rice's sentence. The length of Rice's sentence was controlled by the determination that he qualified for sentencing as a career offender. At sentencing, Rice withdrew his objection to the use of a particular predicate conviction and agreed that the career offender provision

was properly applied, and counsel does not contest its application on appeal. Rice's offense level based solely on drug quantity and the obstruction enhancement was twenty-eight. His status as a career offender with a prior felony drug conviction increased his offense level to thirty-seven. Accordingly, even if the district court erred in imposing the obstruction of justice enhancement, Rice suffered no prejudice from the error because it did not affect the determination of his sentence. United States v. Harp, 406 F.3d 242, 247 n.3 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).

Counsel argues that the district court erred in imposing a sentence of 360 months of imprisonment. He asserts that the length of the sentence is unreasonable because it shocks the conscience. This court reviews a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546.

Next, the district court must consider the Guideline range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West Supp. 2006), and impose a sentence. "A sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006). If a court imposes a sentence

outside the Guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). Rice's conviction of a drug conspiracy involving 500 or more grams of cocaine and his prior felony drug convictions exposed him to a statutory sentence of at least ten years up to life imprisonment, 21 U.S.C.A. § 841(b)(1)(B); and his conviction of possession of heroin carried a statutory maximum of three years. 21 U.S.C. § 844(a).

In this case the district court calculated the Guideline range and heard argument from counsel and a statement by Rice. The court specifically stated that it considered the advisory Guidelines and the factors in § 3553(a) before imposing sentence. Our review of the record convinces us that the district court considered the § 3553(a) factors and adequately explained its reasoning in selecting the sentence imposed. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion'; 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)), cert. denied, 126 S. Ct. 2054 (2006).

Rice's sentence was within the properly calculated Guideline range and did not exceed the statutory maximum. The

"sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). To the extent Rice is arguing that his sentence is disproportionate, we find this argument meritless.

Accordingly, we affirm Rice's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED