**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 06-4671**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TORAINE ANTON LEE,

Defendant - Appellant.

—————

**No. 06-4672**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TORAINE ANTON LEE,

Defendant - Appellant.

—————

**No. 06-4673**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TORAINE ANTON LEE,

                                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte and Statesville.  Lacy H. Thornburg, District Judge.   (3:01-cr-00085-1; 3:04-cr-00004-1; 5:05-cr-00210-ALL)

_____

Submitted:  April 6, 2007                 Decided:  May 7, 2007

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nikita V. Mackey, MACKEY & ASSOCIATES PLLC, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Craig D. Randall, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2001, Toraine Anton Lee pled guilty to charges of bank fraud and mail theft and was sentenced to twenty-seven months in prison and five years of supervised release. Lee was released from prison in 2003, but committed additional crimes during his supervised release. On January 30, 2004, Lee was charged in an eleven-count indictment with one count of conspiring to commit bank fraud and mail theft, in violation of 18 U.S.C. § 371; nine counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; and one count of mail theft, in violation of 18 U.S.C. §§ 1708 and 2. These charges stemmed from conduct occurring between May 2003 and January 2004. On July 14, 2004, Lee pled guilty to Counts One and Four of the indictment (the "2004 convictions"). Lee failed to appear at his sentencing hearing, and the district court issued a warrant for his arrest on April 4, 2005.

A grand jury again indicted Lee, charging him with a single count of theft and receipt of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2 in May 2005. Lee pled not guilty, and a jury convicted Lee of the count in September 2005 (the "2005 conviction"). During the period from Lee's release from prison in 2003 through his reincarceration in 2005, Lee committed seven violations of the terms of his supervised release.

In June 2006, the court sentenced Lee on his 2004 and 2005 convictions and conducted a supervised release violation hearing. The Government filed a motion for upward departure or upward variance based upon Lee's recidivism and the seriousness of the crimes committed. The district court sentenced Lee to concurrent terms of imprisonment of 60 months on Count One of his 2004 convictions, 60 months on his 2005 conviction, and 120 months on Count Four of his 2004 convictions.

During the supervised release violation hearing stemming from Lee's 2001 conviction, the district court considered seven alleged violations. Lee admitted to all violations. The district court revoked Lee's supervised release and sentenced him to eighteen months, to run consecutively to the sentences imposed for his 2004 and 2005 convictions.

Lee appealed all three convictions and sentences, and the appeals have been consolidated. He contends that the district court erred in denying his motion to suppress the evidence seized following a search of the trunk of his car. Additionally, he argues that his sentences were unreasonable because the district court failed to consider all of the factors found in § 3553(a) and erred in upwardly departing from the advisory guidelines range. Finding no error, we affirm.

Lee contends the district court erred by denying his motion to suppress evidence he contends was obtained in violation

of the Fourth Amendment.  Specifically, he argues that the police did not have a valid reason to conduct a warrantless search of the trunk of the car he was driving.  The search recovered a typewriter; analysis of the typewriter ribbon disclosed Lee used the typewriter to commit mail fraud.  This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo.  United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005).  The evidence is construed in the light most favorable to the prevailing party below.  United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Lee produced an expired driver's license at a license checkpoint.  When running a check on the license, the officers learned there was an outstanding warrant for Lee's arrest.  This fact alone created probable cause for Lee's arrest.  Once the officers had probable cause to arrest Lee, a search incident to that arrest was proper, even if the search preceded the formal arrest.  See United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991).  A search of the passenger area of the car revealed mail that was not in the name of the driver or passenger and a rental agreement in another person's name.

Lee contends that the officers nevertheless did not have the authority to search the trunk of the vehicle without a warrant. Despite his contentions, an inventory search of an automobile is an

exception to the warrant requirement.  Once Lee was arrested and placed in custody, the officers possessed the authority to impound the vehicle; the search was routine and conducted pursuant to standard procedure; and the purpose was to inventory items in the car for liability purposes before towing it.  See United States v. Brown, 787 F.2d 929, 931-32 (4th Cir. 1986).  The typewriter was recovered from the trunk pursuant to a legitimate inventory search. We therefore conclude the district court properly denied Lee's motion to suppress, and we affirm his 2005 conviction.

Lee also suggests the district court erred by imposing his sentence without considering all of the § 3553(a) factors and for upwardly departing from the guidelines range.  After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. In reviewing a sentence outside the guideline range, we must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range."  United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range. . . ."  Id.  A departure pursuant to § 4A1.3 is encouraged, provided that the criminal history category does not account

adequately for the defendant's past criminal conduct or the likelihood that he will commit other crimes. United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006)(quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Lee post-Booker and appropriately treated the guidelines as advisory. The court sentenced Lee after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. The district court accepted the facts found in the presentence investigation report, and found his offense level to be 25 and his criminal history score to be III. The corresponding advisory guideline range was 70 to 87 months for both the 2004 and 2005 convictions.

The district court examined the § 3353(a) factors and concluded they supported an upward departure from the guidelines range. Specifically, the court noted: Lee's criminal history category under-represented his criminal record; Lee's recidivism; Lee's failure to modify his conduct; and the need for a severe

sentence to afford adequate deterrence. Thus, we conclude the district court sufficiently articulated its reasons for the departure from the guidelines range and find the sentences were reasonable.

Finally, Lee asserts that his eighteen-month sentence upon the revocation of supervised release was unreasonable. To revoke supervised release, the district court need only find a violation of release conditions by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3)(2000). Because Lee admitted his guilt, the district court did not err in finding he violated his conditions of supervised release by the preponderance of the evidence. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), cert. denied, ___ S. Ct. ___, 2007 WL 789123 (U.S. Mar. 19, 2007). The court sentenced Lee well below the statutory maximum of thirty-six months. While the court did not explicitly reference the § 3553 factors in this portion of the sentencing hearing, the court had already extensively considered Lee's history and characteristics and the need for the sentence to afford adequate deterrence to criminal conduct. Lee's eighteen-month sentence was therefore not plainly unreasonable.

Accordingly, we affirm Lee's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED