**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5233

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAUL BANDA-ZARATE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:05-cr-00222-F-ALL)

Submitted: June 18, 2007          Decided: July 10, 2007

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Banda-Zarate, a citizen of Mexico, pled guilty to illegally reentering the United States after having been convicted of felonies, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court initially sentenced Banda-Zarate to 105 months of imprisonment. Banda-Zarate appealed, and we remanded for resentencing based upon the Government's unopposed motion. Upon resentencing, the district court calculated that Banda-Zarate's advisory guidelines range was 51 to 63 months in prison. The Government moved for an upward departure based upon Banda-Zarate's propensity for recidivism, the understatement of his criminal history, and the seriousness of the crimes he committed. The district court upwardly departed four levels, sentencing Banda-Zarate to 96 months in prison. Banda-Zarate again appealed his sentence and contends his sentence is unreasonable because the district court failed to consider all of the factors found in § 3553(a) and erred in upwardly departing from the advisory guidelines range. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. In reviewing a sentence outside the guidelines range, the appeals court must consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the

divergence from the guideline range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range. . . ." Id. A departure pursuant to § 4A1.3 is encouraged, provided that the criminal history category does not account adequately for the defendant's past criminal conduct or the likelihood that he will commit other crimes. United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S.Ct. 2054 (2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).

Here, the district court sentenced Banda-Zarate post-Booker and appropriately treated the guidelines as advisory. After accurately calculating an advisory sentencing guideline range of 51 to 63 months, the district court examined the § 3553(a) factors and concluded that they supported an upward departure from the guidelines range. The district court determined that based upon Banda-Zarate's prior convictions and deportations, an upward

departure of four levels was warranted.  The court assigned an additional point for every three felony convictions for crimes Banda-Zarate committed after reentering the United States after each of three deportations, for a total of three points, and one additional point based upon the likelihood that he would commit future crimes.  This departure yielded an offense level of 21 and combined with the criminal history score of VI, the guidelines range was 77 to 96 months.  The court discussed the seriousness of Banda-Zarate's criminal history, the likelihood that he would commit further crimes, his propensity to illegally renter the country, and his prior escape from custody.  On these facts, we conclude the district court sufficiently articulated its reasons for the departure from the guidelines range and imposed a reasonable sentence.

Accordingly, we affirm Banda-Zarate's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>