**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4900**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOSHUA MATTHEW MANN,

                              Defendant - Appellant.

———————

**No. 06-5056**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOSHUA LEE BARE, a/k/a Trigger,

                              Defendant - Appellant.

-----

**No. 06-5064**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY LAMONT ALEXANDER, a/k/a Raven,

Defendant - Appellant.

-----

**No. 07-4001**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH WILLIAM ZACAROLO,

Defendant - Appellant.

-----

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00036-JAB-4; 1:06-cr-00036-JAB-3; 1:06-cr-00036-JAB-2; 1:06-cr-00036-JAB-1)

-----

Submitted: July 18, 2007          Decided: August 2, 2007

-----

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

- 2 -

---

Affirmed by unpublished per curiam opinion.

---

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina; William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina; William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina; Bryan E. Gates, Jr., Winston-Salem, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to written plea agreements, Appellants Joshua Matthew Mann, Joshua Lee Bare, Jeffrey Lamont Alexander, and Joseph William Zacarolo entered pleas of guilty to maliciously damaging and destroying rental property by means of fire and explosive, 18 U.S.C. § 844(1) and 2; of use of a firearm by discharging, 18 U.S.C. § 924(c)(1)(A)(iii) and 2; and possessing unregistered firearms, 26 U.S.C. §§ 5861 and 5871, and 18 U.S.C. § 2. The district court sentenced Mann to 312 months in prison, Bare to 288 months, Alexander to 228 months, and Zacarolo to 268 months.

Appellants assert (1) the district court erred by enhancing their sentences based upon uncharged attempted murder, pursuant to USSG § 2A2.1; (2) the district court erred by not considering all of the § 3553(a) factors and in imposing severe sentences; and (3) this Court's presumption that a sentence within the guidelines range is reasonable is a return to unconstitutional mandatory guidelines sentencing. Finding no error, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 200, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guidelines range in

- 4 -

conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. If a court imposes a sentence outside the guidelines range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546.

Appellants contend that their sentences are unlawful because the district court made findings by a preponderance of the evidence that increased their sentences beyond both the conduct with which they were charged and the facts to which they admitted. However, this general argument was rejected in Booker. After Booker, the sentencing court is authorized to make factual findings in order to appropriately determine the advisory sentencing range under the guidelines. See Davenport, 445 F.3d at 370; see also United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (holding that sentencing court may enhance defendant's sentence based on its findings of conduct by a preponderance of the evidence, even when jury acquitted defendant of that conduct). Under the now advisory sentencing guidelines, these authorized factual findings would include a finding as to whether the object of the offense would have constituted first-degree murder. First degree murder means conduct that, if committed within the special and territorial jurisdiction of the United States, would constitute first degree murder under 18 U.S.C. § 1111. Such conduct would

- 5 -

call for application of the murder guideline, USSG § 2A1.1 (First Degree Murder).  See USSG § 2D1.1(d)(1).

Under federal law, murder is the unlawful killing of a human being with malice aforethought, and first degree murder requires that the murder is willful, deliberate, malicious and premeditated.  Attempt requires a culpable intent to commit the crime and a substantial step towards its commission.  United States v. Neal, 78 F.3d 901, 906 (4th Cir 1996).  A substantial step requires more than mere preparation.  Id.

The evidence presented at the sentencing hearings supported the district court's conclusion by a preponderance of the evidence that each defendant was involved in the attempted murder of Castle.  The actions and statements of the defendants reflect a premeditation and deliberate and malicious intentions.  The attack upon Castle's home was undertaken at night, when Castle was likely to be home asleep, which would both reduce the likelihood of his escape and increase the likelihood he would be injured or killed.  In addition, it would be more difficult to apprehend Appellants under the cover of darkness.  Moreover, statements such as they were headed to Castle's to "shoot up the place," indicate an intent to kill Castle.  The fabrication of the Molotov cocktails and the possession of firearms also demonstrate premeditation.  Upon arriving at Castle's home, there were cars parked outside, and all of the lights were off, indicating Castle was at home and asleep.

The four defendants then either threw the six flammatory devices or fired rounds of ammunition into the house. Two Molotov cocktails entered the home. After the six devices were thrown at the home, Bare shot at the house, demonstrating an intent to light the cocktails on fire. An examination of the front bedroom determined that the cocktails and rounds from the firearms caused a fire in the bedroom occupied by Castle's guests, the Bowers. Moreover, Ms. Bowers was struck by a bullet in the back during her attempt to escape the home with her children.

While defendants argue they were under the influence of drugs and alcohol and lacked the ability to form intent to kill and to premeditate, their actions clearly demonstrate otherwise. The evidence overwhelmingly supports the district court's determination by a preponderance of the evidence that the conduct presented at sentencing would have supported a conviction for attempted first degree murder under 18 U.S.C § 1111. The district court thus did not err in applying the attempted murder cross-reference.

Defendants next assert their sentences are unreasonable because the district court did not consider each factor in § 3553 and the sentences are more severe than necessary to satisfy the requirements of § 3553. As discussed above, this court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). (internal

quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). This court has repeatedly held that a sentence imposed within a properly calculated Guidelines range is presumed reasonable, and the Supreme Court has upheld this presumption. See Rita v. United States, 551 U.S.___, 2007 WL 1772146, at *3, *6 (U.S. June 21, 2007), (No. 06-5754).

The district court specifically stated that after considering the guidelines ranges and the § 3553 factors, the guidelines ranges were appropriate for fashioning a sentence in each of the four cases. The court looked at prior criminal records and recidivism, substance abuse and psychiatric issues, lack of work history, and educational history. Because the district court adequately explained the basis for its sentencing decision and considered the defendants' arguments, the § 3553(a) factors, and the cross-reference for murder enhancement, and because the sentences were within the properly calculated advisory guidelines range, we conclude the Appellants' sentences are reasonable.

Finally, Appellants argue that this circuit's presumption that a sentence within the guidelines range is reasonable is an unconstitutional return to mandatory guidelines sentencing. As previously noted, the Supreme Court recently upheld our reasonableness presumption for sentencing within a properly calculated guidelines range. See Rita, 551 U.S. at ___, 2007 WL1772146, at *3, *6.

Accordingly, we affirm each Appellant's conviction and sentence. We deny counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED