**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4096**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD CARROLL OLIVER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever, III,
District Judge.  (5:06-cr-00078-D)

———————

Submitted:  July 20, 2007            Decided:  August 3, 2007

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard C. Oliver pled guilty to possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2000). The Government moved for an upward departure under USSG §§ 4A.3, 5K2.6 because Oliver's criminal history category under-represented the seriousness of his criminal history or the likelihood that he would commit future crimes, and because the firearm was used in the commission of the offense. The district court upwardly departed two levels, sentencing Oliver to 68-months in prison.

Oliver appealed his sentence and contends his sentence was unreasonable because the district court erred in upwardly departing from the advisory guidelines range. He argues that the conduct underlying the departure for discharging the firearm was already accounted for by the four-level enhancement under USSG § 2K2.1(b)(6) for using a firearm in connection with another felony, thus the departure amounted to double-counting. Finding no error, we affirm.

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. In reviewing a sentence outside the guidelines range, this court must consider "whether the sentencing court acted reasonably both with respect to its decision to impose

such a sentence and with respect to the extent of the divergence from the guideline range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range." Id. A district court may depart upward from the guidelines range under USSG § 5K2.6 if a firearm was used or possessed. "The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." Specifically, "the discharge of a firearm might warrant a substantial increase." USSG § 5K2.6.

The district court granted the upward departure because it found the weapon was fired by Oliver in the vicinity of the intended victim and in the direction of a bus occupied by children, and was an attempt to cause serious injury to the victim. The court found this conduct was not a part of the guideline calculations and merited an upward departure. The four-level enhancement under USSG § 2K2.1(b)(6) accounted for Oliver's attempt to cause serious harm to the victim, but did not account for the extreme recklessness in discharging a firearm in the vicinity of uninvolved children. Thus, the upward departure did not amount to unlawful double-counting. In the alternative, a departure pursuant to § 4A1.3 is encouraged, provided that the criminal history

category does not account adequately for the defendant's past criminal conduct or the likelihood that he will commit other crimes. <u>United States v. Dixon</u>, 318 F.3d 585, 588 (4th Cir. 2003).

The district court sentenced Oliver post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court sentenced Oliver after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. The district court accepted the facts found in the presentence investigation report, and the testimony of the witness to the conduct, and found Oliver's offense level to be 23 and his criminal history score to be III, for a corresponding advisory guideline range of 57 to 71 months.

The district court examined the § 3553(a) factors and concluded that the factors set forth therein supported an upward departure from the guidelines range. The court discussed the seriousness of Oliver's offense and the risk it created to both the victim and the children. Moreover, the court looked at the likelihood that Oliver would commit further crimes, the need to protect the public, and his extensive criminal history. The court imposed the 68-month sentence to afford adequate deterrence from future criminal acts and to promote respect for the law. On this record, we have no difficulty concluding that the district court

sufficiently articulated its reasons for the departure from the guidelines range.[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]"The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)).