**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 5, 2008
Decided August 21, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1008

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07 CR 90 |
| THOMAS TRAMMELL, | |
| *Defendant-Appellant.* | John C. Shabaz, |
| | *Judge*. |

**ORDER**

Thomas Trammell pleaded guilty to one count of armed bank robbery. *See* 18 U.S.C.
§ 2113(a), (d). The district court imposed a 200-month sentence to run consecutively to a
federal sentence Trammell was already serving for a different bank robbery. Trammell
appeals, arguing that the district court abused its discretion by declining to impose a
concurrent sentence. The district court was entitled to impose a consecutive sentence in
order "to achieve a reasonable punishment" for the offense, 18 U.S.C. § 3584; U.S.S.G.
§ 5G1.3(c), and it articulated legitimate reasons for doing so at sentencing. Therefore, we
affirm.

On July 8, 2005, Trammell entered a bank in Hudson, Wisconsin, handed the teller a note demanding money, displayed the handle of a gun, and fled the bank with $2,101. He was not apprehended until six months later, after he robbed another bank in Forest Lake, Minnesota. He pleaded guilty to the Minnesota robbery and was sentenced by the United States District Court for the District of Minnesota to 133 months' imprisonment, *United States v. Trammell*, No. 06-30 (ADM/JSM) (D. Minn. July 13, 2006), 18 months below his advisory guidelines range, *United States v. Trammell*, 227 Fed. App'x 529, 530 (8th Cir. July 3, 2007). During the Minnesota proceedings, Trammell was never given an opportunity to stipulate to the armed bank robbery he had committed in Wisconsin. *See* U.S.S.G. § 1B1.2(c). If he had been given that opportunity and availed himself of it, Trammell—a career offender, *see* U.S.S.G. § 4B1.1—would have faced a combined guidelines range of 188 to 235 months for both offenses, the same range he later faced for the Wisconsin offense alone.

Almost a year after the Minnesota sentence was imposed, Trammell was indicted for the Wisconsin bank robbery. In exchange for his guilty plea, the government recommended that the district court impose a within-guidelines sentence to run concurrently with his undischarged sentence for the Minnesota heist.

At sentencing the district court invited the prosecutor to comment on the fact that Trammell was not given a chance to stipulate to the Wisconsin crime when he was before the district court in Minnesota. The prosecutor noted that Trammell had received a below-guidelines sentence for the Minnesota robbery and then observed that her office would probably not have recommended a "downward variance in this type of case." She said that that is why her office "do[es]n't typically care to allow our crimes to be sentenced in other courts." The district court replied, "Particularly Minnesota." After explaining to the district court that if Trammell had been given an opportunity to stipulate, his guidelines range for both crimes would have been the same as his guidelines range for the Wisconsin crime alone, the prosecutor suggested that a within-guidelines concurrent sentence would be reasonable.

Defense counsel likewise requested a concurrent sentence, arguing that Trammell had not pulled a weapon during the robbery and had voluntarily participated in counseling programs while in prison. Defense counsel also pointed out that just before he robbed the bank in Wisconsin, Trammell stopped taking medication for his bipolar disorder because he could no longer afford it.

The district court reviewed a letter from Trammell's wife describing him as wonderful husband and explaining that he would be missed terribly by his children while in prison. The court also considered an impact statement submitted by the teller at the

Wisconsin bank, which stated that after the robbery she suffered from panic attacks at work and nightmares. The teller said that it made her happy to know that Trammell was behind bars and that "for all she cares, he can stay locked up for life." The court also reviewed Trammell's criminal history, which included two robberies, burglary of a motor vehicle, theft, and possession of marijuana.

The district court stated that after reviewing U.S.S.G. § 5G1.3—the guideline that addresses sentencing a defendant who is subject to an undischarged sentence—the court was "not persuaded that a concurrent sentence is a responsible and reasonable sentence that is not greater than necessary in this particular case." The court acknowledged Trammell's troubled childhood and history of alcohol abuse, but it also commented on his extensive criminal history, his history of adjusting poorly to incarceration, and the fact that he robbed the Wisconsin bank only five months after being released from prison. "Prior terms of imprisonment," the court concluded, "have had little impact on his criminal thinking." Believing it likely that Trammel would, if given the opportunity, continue to commit crimes and present a danger to the community, the district court found that a 200-month consecutive sentence "is reasonable and necessary to satisfy the statutory purposes of sentencing." This sentence, the court said, would "hold this defendant accountable for a serious crime of violence," "protect the community from further criminal activity," "serve as a deterrent not to him but to others," "achieve parity with the sentences of similarly situated offenders," and afford Trammell rehabilitative opportunities.

On appeal Trammel argues that the district court erred by imposing his sentence to run consecutively to his Minnesota sentence and that the resulting sentence is therefore unreasonable. A within-guidelines sentence is presumptively reasonable on appeal, *see, e.g.*, *United States v. Tahzib*, 513 F.3d 692, 694 (7th Cir. 2008), and the burden to overcome that presumption is Trammell's, *see, e.g.*, *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). The district court, charged with selecting an appropriate punishment for Trammell's crime, had broad discretion to choose whether to impose a concurrent or a consecutive sentence. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c). In exercising that discretion, the court was required to consider the factors set forth in 18 U.S.C. § 3553(a), such as the nature of the offense, the history and characteristics of the defendant, the need to punish and deter criminal activity, and the possibility of providing the defendant with rehabilitative services. *See* 18 U.S.C. §§ 3553(a), 3584; *see also United States v. Tockes*, No. 07-3294, 2008 WL 2550733, at *3-4 (7th Cir. June 27, 2008). We review the sentence the district court imposed for an abuse of discretion. *See Tockes*, 2008 WL 2550733, at *3.

Trammell concedes that the district court commented on several of the § 3553(a) factors at sentencing, but he argues that the district court nevertheless abused its discretion by failing to analyze a different set of factors, those contained in U.S.S.G. § 5G1.3

Application Note 3. Application Note 3 offers a nonexhaustive list of factors that a district court should consider when deciding whether to impose a consecutive or concurrent sentence—such as the type and length of the undischarged sentence, the time likely to be served on that sentence before release, and which court imposed the other sentence, as well as the usual § 3553(a) factors. Trammell maintains that the district court did not adequately address the factors contained in the application note, but even he acknowledges that it was not mandatory for the court to do so. It *was* mandatory for the court to consider the § 3553(a) factors, 18 U.S.C. § 3584, and the transcript of the sentencing hearing makes clear that it did. Although Trammell correctly points out that the district court did not explain how every one of the statutory factors it listed was served by the sentence it imposed, such an exercise was not necessary: "[A] district court judge need not apply all § 3553(a) factors in a systematic or 'checklist fashion.'" *United States v. Johnson*, No. 06-3812, 2008 WL 2778929, at *4 (7th Cir. July 18, 2008). The district court explained which statutory factors guided its decision to impose a 200-month consecutive sentence; nothing more was required. *See id.*; *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir.2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Trammell also alludes to the exchange between the prosecutor and the district court concerning the below-guidelines sentence Trammell received for the Minnesota bank robbery. He argues that the district court's comments "demonstrated a disfavor" with that sentence, but that reading is a stretch. The prosecutor said that her office generally seeks to avoid having crimes committed in its jurisdiction tried and sentenced elsewhere; the district court replied, "[p]articularly Minnesota." Taken in context, the remark suggests that the court may view the District Court for the District of Minnesota as more apt to be lenient than the District Court for the Western District of Wisconsin. But it does not suggest that the district court was dissatisfied with or second-guessed the reasonableness of Trammell's prior sentence.

Accordingly, we AFFIRM.