Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4743**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH WAYNE SHARPE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:05-cr-00292-JAB)

Submitted: June 27, 2007          Decided: July 13, 2007

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Kenneth Wayne Sharpe pled guilty to one count of possession of child pornography which had been transported in interstate and foreign commerce, in violation of 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West 2000 & Supp. 2007). Sharpe sought a sentence of house arrest because he has cancer. The district court sentenced Sharpe to sixty-three months in prison, the bottom of the advisory guideline range. Sharpe timely appealed his sentence.

It is well established in this circuit that a sentence imposed within a properly calculated guideline range is presumed to be reasonable. See, e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439), United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Sharpe claims that this presumption of reasonableness is unconstitutional because it renders the guidelines mandatory by placing greater emphasis on the guidelines than on other sentencing factors. This argument is foreclosed by the Supreme Court's decision in Rita v. United States, ___ U.S.L.W. ___, ___, 2007 WL 1772146, *3, *6 (U.S. June 21, 2007) (No. 06-5754).

Sharpe also argues that his sentence was unreasonable because it was greater than necessary to comply with the purpose of

- 2 -

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). In imposing a sentence, a court must calculate the applicable guideline range after making the appropriate findings of fact and must consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a). Moreland, 437 F.3d at 433. "The district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion;' 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Id. at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)); see also Rita, ___ U.S.L.W. at ___, 2007 WL 1772146, at *12-*13.

Here, the district court appropriately treated the guidelines as advisory. Sharpe agreed that his advisory guideline range was sixty-three to seventy-eight months' imprisonment, but asked for a sentence of house arrest. The court considered the guideline range and the factors in § 3553(a) before imposing a sixty-three month prison term, a sentence at the bottom of the guideline range and below the statutory maximum ten-year prison sentence under 18 U.S.C.A. § 2252(a)(5)(B). Despite Sharpe's contention that his cancer diagnosis warrants a lower sentence, neither Sharpe nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

Accordingly, we affirm Sharpe's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>
