**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4743**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

KENNETH WAYNE SHARPE,

                                        Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-6561)

---

Submitted:  May 6, 2008                 Decided:  June 3, 2008

---

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. Pursuant to a plea agreement, Kenneth Wayne Sharpe pled guilty to one count of possession of child pornography which had been transported in interstate and foreign commerce, in violation of 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West 2000 & Supp. 2007). Sharpe sought a sentence of house arrest because he has cancer. The district court sentenced Sharpe to sixty-three months in prison, the bottom of the advisory Guidelines range. We affirmed Sharpe's sentence. United States v. Sharpe, 241 F. App'x 131 (4th Cir. 2007). The Supreme Court vacated our judgment and remanded the case for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Sharpe v. United States, 128 S. Ct. 877 (2008). After reviewing Sharpe's sentence as directed, we affirm.

In sentencing a defendant after United States v. Booker, 543 U.S. 220 (2005), a district court must correctly calculate the appropriate advisory Guidelines range. Gall, 128 S. Ct. at 596 (citing Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). The court then must consider that range in conjunction with the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors. Gall, 128 S. Ct. at 596. In determining an appropriate sentence, the district court "may not presume that the Guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented." Id. at 596-97.

This court reviews the sentence imposed by the district court for abuse of discretion.  <u>Id.</u> at 597; <u>see also</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).  We first must ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."  <u>Gall</u>, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence.  <u>Id.</u>  "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 128 S. Ct. at 597).

With these standards in mind, we find no abuse of discretion by the district court. The court followed the necessary procedural steps in sentencing Sharpe, properly calculating the Guidelines range and considering that recommendation in conjunction with the § 3553(a) factors.  We also find that the district court meaningfully articulated its consideration of the § 3553(a) factors and its decision to sentence Sharpe within the Guidelines range.

Accordingly, having considered Sharpe's sentence in light of <u>Gall</u>, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process

AFFIRMED